IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-4008-01/18-CR-C-BCW |
| | ) | |
| SAMUEL RAPHAEL JOHNSON, | ) | |
| LEVI McLEAN FRANKLIN COOLEY, | ) | |
| YUN YI CHANG, | ) | |
| JONATHAN RICHARD GRAY, | ) | |
| PATRICK JEREMY O'BLENNIS, | ) | |
| RUSSELL PRESTON BROWNS, | ) | |
| GEORGE DALE WOLCHKO, | ) | |
| ERIC PAXTON PYLE, | ) | |
| TRAVIS KEITH RUDLOFF, | ) | |
| SARA JEAN PATRICK BROWNS, | ) | |
| RUSSELL SCOTT KUDA, | ) | |
| JESSICA LYNN JOBE, | ) | |
| NICHOLAS ROBERT BERBERICH, | ) | |
| MICHAEL WAYNE CROSSNO, | ) | |
| LANCE MICHAEL WALBRECHT, | ) | |
| ART WAYLON GILL, | ) | |
| RICARDO LAWRENCE HARRELL, | ) | |
| JUSTIN ASHLEY BLACKBURN, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On August 30, 2012, the Grand Jury returned a 26-count third superseding indictment charging defendants Samuel Raphael Johnson, Levi McLean Franklin Coolley, Yun Yi Chang, Jonathan Richard Gray, Patrick Jeremy O'Blennis, Russell Preston Browns, George Dale Wolchko, Eric Paxton Pyle, Travis Keith Rudloff, Sara Jean Patrick Browns, Russell Scott Kuda, Jessica Lynn Jobe, Nicholas Robert Berberich, Michael Wayne Crossno, Lance Michael Walbrecht, Art Waylon Gill and Ricardo Lawrence Harrell in Count 1 with violation of 21 U.S.C. §§ 846 and 841(a)(1); charging defendants Johnson, Coolley, R. Browns, Pyle and Justin Ashley Blackburn in Count 2 with violation of 21 U.S.C. §§ 846 and 841(a)(1); charging

defendant Johnson in Count 5 with violation of 18 U.S.C. § 922(g)(1); and charging defendant Johnson in Counts 3, 4 and 16, defendant Coolley in Counts 19 and 25, defendant Chang in Counts 20 and 21; defendant Gray in Counts 6 through 15, defendant O'Blennis in Counts 22 and 23, defendant R. Browns in Counts 17 and 18, defendant Wolchko in Counts 8 and 13, defendant Pyle in Count 25, defendant Kuda in Count 26 and defendant Crossno in Count 24, all with violation of 21 U.S.C. § 841(a)(1).

Defendants Kuda, Jobe and Walbrecht have filed motions for continuance of the January 7, 2013 trial setting.[1] Defendants Jobe and Walbrecht state the United States Attorney has indicated the Government has no objection to the granting of the requested continuance.

In any case in which a plea of not guilty is entered, the defendant's trial shall commence within seventy days from the filing of the information or indictment or the date of the defendant's first appearance, whichever comes last. 18 U.S.C. § 3161(c)(1) (Speedy Trial Act). However, in computing the time within which trial of any offense must commence, any period of delay which results from a continuance granted by a judge at the request of the defendant or his or her counsel, which serves the end of justice, shall be excluded from computing the time. 18 U.S.C. § 3161(h)(8)(A). The Speedy Trial Act requires that the Court set forth its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. Factors which this Court shall consider in determining whether to grant a continuance include whether the failure to grant such a continuance would be likely to result in a miscarriage of justice and whether or not the case is so complex that it is unreasonable to expect adequate preparation for trial within the time limit established.

Defendants state the continuance is sought so that they may fully investigate the case and adequately prepare for trial.

Failure to grant the continuance would deny counsel for the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendants in a speedy trial. The motion for continuance of the January 7,

---

[1] Defendants have filed waivers of their rights under the Speedy Trial Act.

2013 trial setting will be granted and the case will be reset for jury trial on the Joint Criminal Docket which commences on Monday, January 7, 2013.

All defendants are charged with conspiracy. In granting the motion for continuance, there is no violation of the rights of the co-defendants to a speedy trial. United States v. Shepard, 462 F.3d 847, 864 (8th Cir. 2006) (citing United States v. Fuller, 942 F.2d 454, 457 (8th Cir. 1991) ("Motions filed by one defendant in a multi-defendant case count as motions filed by all the defendants, and . . . will count as excludable time for all defendants.")).

The Court in ordering this case removed from the joint criminal jury trial docket which will commence January 7, 2013, is not doing so because of congestion of the Court's calendar, in accordance with 18 U.S.C. § 3161(h)(8)(c).

IT IS ORDERED that the motions of defendants Russell Scott Kuda, Jessica Lynn Jobe and Lance Michael Walbrecht for continuance of the January 7, 2013 trial setting are granted. [218, 219, 221] It is further

ORDERED that the above-captioned case is reset for jury trial on the Joint Criminal Trial Docket which commences on Monday, March 18, 2013. It is further

ORDERED that a pretrial conference for all defendants is reset for March 5, 2012, at 2:00 p.m. It is further

ORDERED that the additional period of delay in commencing defendant's trial caused by this continuance shall be excluded in computing the time within which this trial shall commence under the Speedy Trial Act.

Dated this 12th day of December, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge