IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 12-04008-04-CR-C-BCW |
| **JONATHAN RICHARD GRAY**, | ) ) ) | |
| Defendant. | ) | |

## **PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

**1.** **The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by Tammy Dickinson, United States Attorney, Anthony P. Gonzalez, Assistant United States Attorney, and Steven R. Berry, Special Assistant United States Attorney, and the defendant, Jonathan Richard Gray ("the defendant"), represented by Matthew B. Uhrig.

The defendant understands and agrees that this plea agreement is only between him and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

2. **Defendant's Guilty Plea.** The defendant agrees to and hereby does plead guilty to Count 1 of the third superseding indictment, charging him with a violation of 21 U.S.C. §§ 846 and 841(a)(1), that is, conspiracy to distribute and possess with the intent to distribute at least 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance. By entering into this plea agreement, the defendant admits that he knowingly committed this offense, and is, in fact, guilty of this offense.

3. **Factual Basis for Guilty Plea.** The parties agree that the facts constituting the offense to which the defendant is pleading guilty are as follows:

> Beginning in at least 2010, until his arrest, Jonathan Richard Gray (defendant), worked with various individuals including Yun Yi Chang, Russell Preston Browns, George Dale Wolchko, Levi Coolley, and others, to distribute and possess with the intent to distribute cocaine, a schedule II controlled substance, in and near Columbia, Boone County, Missouri. Defendant's role included, at various times, ordering cocaine from larger distributors so he could redistribute the cocaine others, weighing out cocaine and cutting it, packaging it, distributing it to others, and ultimately collecting money after or concurrent with the sale of the cocaine.
>
> During the course of his involvement in the conspiracy, defendant was aware that Browns and others transported larger amounts of cocaine between various sellers, including co-defendants Samuel Raphael Johnson, Levi McLean Franklin Coolley, and Travis Keith Rudloff. Defendant was also aware that his quantities of cocaine were produced from dividing up larger quantities of cocaine which were delivered concurrently with or soon after his orders.
>
> Defendant, during the time alleged, generally ordered cocaine, and made certain most of was sold before receiving it. If it was not sold he would have Wolchko or another person store the cocaine for him. He would frequently direct other persons, including defendants Wolchko and Browns, to pick up and distribute the cocaine, and collect money in return. Among his frequent customers were co-defendants O'Blennis and Berberich, and state court defendant James Richard Duncan. Defendant would arrange for Browns to deliver cocaine to Berberich at the Lake of the Ozarks. Berberich paid defendant in cash, by check and even transferred a vehicle to defendant in return for the cocaine.
>
> Due the time of the conspiracy, and due to his direct involvement in the agreement to distribute cocaine, and due to his knowing participation and

knowledge of the extent of the distribution network, defendant is responsible for the distribution of more than five kilograms of cocaine.

4. **Use of Factual Admissions and Relevant Conduct.** The defendant acknowledges, understands and agrees that the admissions contained in paragraph 3 and other portions of this plea agreement will be used for the purpose of determining his guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2). The defendant acknowledges, understands and agrees that the conduct charged in any dismissed counts of the indictment, as well as all other uncharged related criminal activity, may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2) in calculating the offense level for the charge to which he is pleading guilty.

5. **Statutory Penalties.** The defendant understands that, upon his plea of guilty to Count 1 of the third superseding indictment, charging him with conspiracy to distribute and possess with the intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, the minimum penalty the Court may impose is not less than ten (10) years' imprisonment, while the maximum penalty the Court may impose is not more than life imprisonment, not less than five (5) years' supervised release, a $10 million fine, and a $100 mandatory special assessment per felony count of conviction, which must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class A felony.

6. **Sentencing Procedures.** The defendant acknowledges, understands and agrees to the following:

    a. in determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are advisory in nature, and the Court may impose a sentence either less than or greater than the

3

defendant's applicable Guidelines range, unless the sentence imposed is "unreasonable";

    b.    the Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

    c.    in addition to a sentence of imprisonment, the Court may impose a term of supervised release of not less than five (5) years; that the Court must impose a period of supervised release if a sentence of imprisonment of more than one (1) year is imposed;

    d.    the Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range;

    e.    any sentence of imprisonment imposed by the Court will not allow for parole;

    f.    the Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Office; and

    g.    the defendant may not withdraw his guilty plea solely because of the nature or length of the sentence imposed by the Court.

**7.** **Government's Agreements.** Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against the defendant for any federal criminal offenses related to conspiracy to distribute and possess with the intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine for which it has venue and which arose out of the defendant's conduct described above. Additionally, the United States Attorney for the Western District of Missouri agrees to dismiss Count 1 of the original indictment, Count 1 of the superseding indictment, Counts 1 and 6-15 of the second superseding indictment, and Counts 6-15 of the third superseding indictment, at sentencing.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement. If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant expressly waives his right to challenge the initiation of the dismissed or additional charges against him if he breaches this agreement. The defendant expressly waives his right to assert a statute of limitations defense if the dismissed or additional charges are initiated against him following a breach of this agreement. The defendant further understands and agrees that, if the Government elects to file additional charges against him following his breach of this plea agreement, he will not be allowed to withdraw his guilty plea.

**8.     Preparation of Presentence Report.**     The defendant understands that the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character and conduct of the defendant, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel, and correct any misstatements or inaccuracies. The United States

5

further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

**9.** **Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may withdraw his plea of guilty only if the Court rejects the plea agreement, or if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that, if the Court accepts his plea of guilty and this plea agreement but subsequently imposes a sentence that is outside the defendant's applicable Sentencing Guidelines range, or imposes a sentence that the defendant does not expect, like or agree with, he will not be permitted to withdraw his plea of guilty.

**10.** **Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

    a. The Sentencing Guidelines do not bind the Court and are advisory in nature. The Court may impose a sentence that is either above or below the defendant's applicable Guidelines range, provided the sentence imposed is not "unreasonable";

    b. The applicable Guidelines section for the offense of conviction is U.S.S.G. § 2D1.1(c)(4), which provides for a Base Offense Level of at least 34, which the defendant agrees has been established by various means including, but not limited to, the evidence and by statements of various witnesses;

    c. The defendant has admitted his guilt and clearly accepted responsibility for his actions, and has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention

6

Case 2:12-cr-04008-BCW   Document 239   Filed 02/11/13   Page 6 of 13

to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently. Therefore, he is entitled to a 3-level reduction pursuant to § 3E1.1(b) of the Sentencing Guidelines. The Government, at the time of sentencing, will file a written motion with the Court to that effect, unless the defendant: (1) fails to abide by all of the terms and conditions of this plea agreement and his pretrial release; or (2) attempts to withdraw his guilty plea, violates the law, or otherwise engages in conduct inconsistent with his acceptance of responsibility;

      d.    There is no agreement between the parties regarding the defendant's criminal history category. The parties agree that the Court will determine his applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office;

      e.    The defendant understands that the estimate of the parties with respect to the Guidelines computation set forth in the subsections of this paragraph does not bind the Court or the United States Probation Office with respect to the appropriate Guidelines levels. Additionally, the failure of the Court to accept these stipulations will not, as outlined in paragraph 9 of this plea agreement, provide the defendant with a basis to withdraw his plea of guilty;

      f.    The United States agrees not to seek an upward departure from the Guidelines or a sentence outside the Guidelines range, and the defendant agrees not to seek a downward departure from the Guidelines or a sentence outside the Guidelines range. The agreement by the parties not to seek a departure from the Guidelines is not binding upon the Court or the United States Probation Office, and the Court may impose any sentence authorized by law, including any sentence outside the applicable Guidelines range that is not "unreasonable";

      g.    The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the determination of any mandatory minimum sentence (including the facts that support any specific offense characteristic or other enhancement or adjustment), and any legally authorized increase above the normal statutory maximum. The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in the indictment. The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay; and

      h.    The defendant understands and agrees that the factual admissions contained in paragraph 3 of this plea agreement, and any admissions that he will make during his plea colloquy, support the imposition of the agreed upon Guidelines calculations contained in this agreement.

7

11. **Effect of Non-Agreement on Guidelines Applications.** The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in paragraph 10 and its subsections. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

12. **Change in Guidelines Prior to Sentencing.** The defendant agrees that, if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by the defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

13. **Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

    a. oppose or take issue with any position advanced by the defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

    b. comment on the evidence supporting the charge in the third superseding indictment;

    c. oppose any arguments and requests for relief the defendant might advance on an appeal from the sentence imposed, and that the United States remains free, on appeal or collateral proceedings, to defend the legality and propriety of the sentence actually imposed, even if the Court chooses not to follow any recommendation made by the United States; and

    d. oppose any post-conviction motions for reduction of sentence, or other relief.

**14. Waiver of Constitutional Rights.** The defendant, by pleading guilty, acknowledges that he has been advised of, understands, and knowingly and voluntarily waives the following rights:

    a.    the right to plead not guilty and to persist in a plea of not guilty;

    b.    the right to be presumed innocent until his guilt has been established beyond a reasonable doubt at trial;

    c.    the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

    d.    the right to confront and cross-examine the witnesses who testify against him;

    e.    the right to compel or subpoena witnesses to appear on his behalf; and

    f.    the right to remain silent at trial, in which case his silence may not be used against him.

The defendant understands that, by pleading guilty, he waives or gives up those rights and that there will be no trial. The defendant further understands that, if he pleads guilty, the Court may ask him questions about the offense to which he pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making a false statement. The defendant also understands that he has pleaded guilty to a felony offense and, as a result, will lose his right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury.

**15. Waiver of Appellate and Post-Conviction Rights.**

    a.    The defendant acknowledges, understands and agrees that, by pleading guilty pursuant to this plea agreement, he waives his right to appeal or collaterally attack a finding of guilt following the acceptance of this plea

9

agreement, except on grounds of: (1) ineffective assistance of counsel; or (2) prosecutorial misconduct; and

      b.    The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal his sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

    **16.**    **Financial Obligations.**    By entering into this plea agreement, the defendant understands that a special assessment will be imposed as part of the sentence in this case. The defendant promises to pay the special assessment of $100 by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case. The defendant agrees to provide the Clerk's receipt as evidence of his fulfillment of this obligation at the time of sentencing.

    **17.**    **Waiver of FOIA Request.**    The defendant waives all of his rights, whether asserted directly or by a representative, to request or receive, or authorize any third party to request or receive, from any department or agency of the United States, any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

    **18.**    **Waiver of Claim for Attorney's Fees.**    The defendant waives all of his claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

**19.    Defendant's Breach of Plea Agreement.**   If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the United States Probation Office or the Court that is intentionally misleading, incomplete or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement.  The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw his plea of guilty.

The defendant also understands and agrees that, in the event he violates this plea agreement, all statements made by him to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by him before a grand jury or any tribunal, or any leads from such statements or testimony shall be admissible against him in any and all criminal proceedings.  The defendant waives any rights that he might assert under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by him subsequent to this plea agreement.

**20.    Defendant's Representations.**    The defendant acknowledges that he has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel.  The defendant acknowledges that he is satisfied with the assistance of counsel, and that counsel has fully advised him of his rights and obligations in connection with this plea agreement.  The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, his attorney, or any other party to induce him to enter his plea of guilty.

11

Case 2:12-cr-04008-BCW   Document 239   Filed 02/11/13   Page 11 of 13

**21.** **No Undisclosed Terms.** The United States and the defendant acknowledge and agree that the above stated terms and conditions, together with any written supplemental agreement that might be presented to the Court *in camera*, constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement, or any written supplemental agreement, do not constitute any part of the parties' agreement, and will not be enforceable against either party.

**22.** **Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles, and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting this agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

**23.** **Government Will Move to Remand Defendant Into Custody At The Plea.**

The defendant understands that the crime to which he is pleading, that is, conspiracy to distribute and possess with the intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, is an offense for which a term of imprisonment of not less than ten (10) years or more is prescribed in the Controlled Substances Act. Accordingly, the Government believes that, pursuant to 18 U.S.C. § 3143(a)(2), the Court must detain the defendant after he pleads guilty to the offense, and will so move at the conclusion of the hearing.

12

|  |  | **Tammy Dickinson**<br>United States Attorney |
|---|---|---|
|  | By | /S/ |
| Dated 2/11/13 |  | **Anthony P. Gonzalez**<br>Assistant United States Attorney<br>Missouri Bar No. 29922 |
|  | By | /S/ |
| Dated 2/11/13 |  | **Steven R. Berry**<br>Special Assistant United States Attorney<br>Missouri Bar No. 48586 |

    I have consulted with my attorney and fully understand all of my rights with respect to the offenses charged in the indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, and the Waiver of Appellate and Post-Conviction Rights. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement, and I voluntarily agree to it.

| Dated 2/11/13 | /S/ |
|---|---|
|  | **Jonathan Richard Gray**<br>Defendant |

    I am defendant Jonathan Richard Gray's attorney. I have fully explained to him his rights with respect to the offense charged in the indictment. Further, I have reviewed with him the provisions of the Sentencing Guidelines which might apply in this case, and explained the Waiver of Appellate and Post-Conviction Rights. I have carefully reviewed every part of this plea agreement with him. To my knowledge, Jonathan Richard Gray's decision to enter into this plea agreement is an informed and voluntary one.

| Dated 2/11/13 | /S/ |
|---|---|
|  | **Matthew B. Uhrig**<br>Attorney for Defendant |

13